825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Garnett HILL, Defendant-Appellant.
 No. 87-5014
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1987.
Decided July 29, 1987.
 
 Bernard Allen Cook (Gerald M. Richman, on brief), for appellant.
 Joyce K. McKee, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and WISDOM, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant, previously convicted of bank robbery, was convicted by a jury of escape from the Volunteers of America, which had custody of him to prepare him for parole under a contract with the Bureau of Prisons. He was sentenced to an additional term of four years to be served consecutively to his sentence for bank robbery.
 
 
 2
 Defendant appeals. He assigns error in his trial for escape and in the imposition of sentnece. We find neither contention persuasive and we affirm.
 
 
 3
 To prove that defendant's departure from the custody of the Volunteers of America was wilful, the district court, at the instance of the government, admitted into evidence the rules of that organization which had been read and explained to defendant, and signed by him, at the time he was transferred to it. The rules provided that voluntary departure from the organization's custody would constitute escape and be punishable under federal law, and they set forth the possible penalties for the crime. Defendant argues that since the jury gained knowledge of the penalties, it impermissibly participated in sentencing.
 
 
 4
 We disagree. Defendant's knowledge of the penalties to which he might be subjected if he voluntarily escaped was relevant, and its relevance outweighed its prejudicial effect. The jury could conclude that the severity of the penalty must have impressed on defendant's mind the necessity to remain in custody so that his departure from custody was wilful.
 
 
 5
 Defendant contends that two factual misrepresentations were made to the district court with regard to sentencing--misrepresentations that defendant's counsel had the opportunity to correct--and that the district court neither made a finding as to accuracy of the data nor determined that the data would not be taken into consideration in fixing the sentence as required by Rule 32(c)(3)(D), Fed. R. Crim. P. Further, defendant argues that the district court failed to articulate the reasons for its sentence as required by 18 U.S.C. Sec. 3553(c), and that it improperly took into consideration defendant's arrest on a weapons charge during the time he had escaped even though he was not convicted of the charge.
 
 
 6
 These contentions are all lacking in merit. The Rule 32(c)(3)(D) findings are required only with respect to inaccuracies in the presentence report. Here the minor inaccuracies were in the oral statement of the prosecutor, and defendant corrected them. The new sentencing statute, 18 U.S.C. 3553(c), was not in effect at the time defendant was sentenced and it therefore has no application. In sentencing, a district court may take into consideration other bad or criminal acts even though they have not resulted in convictions. United States v. Woods, ---- F.2d ---- (No. 86-5093, 4 Cir., March 5, 1987).
 
 
 7
 AFFIRMED.